The Reporter’s statement of the case:
In an opinion in Case No. 45585 (100 C. Cls. 413, 420) the Court of Claims decided that under the terms of tlie Jurisdictional Act of June 28, 1938 (52 Stat. 1209), plaintiffs in that case were entitled to recover just compensation for all lands in Colorado north of and including township 35 north, held by the United States for disposal under Section 3 of the Act of June 15, 1880, at the time of approval of the 1938 Act, subject, however, to the deduction of offsets, if any, and reserving the determination of the amount of the recovery and the amount of such offsets, if any, for fur *434 ther proceedings, as provided by Buie 39 (a) of the Court of Claims. See also the opinion of the Court (112 C. Cls. 123) on defendant’s motion for instructions to the Commissioner of the Court, which motion was denied.
Following the taking of voluminous testimony in Case No. 45585, stipulations were filed in Cases Nos. 45585, 46640, 47564, and 47566. Upon such stipulations and a memorandum report of a Commissioner in each case, the Court on July 13, 1950, entered judgments as set forth below, as follows:
No. 45585
ORDER OP FINAL JUDGMENT
This case comes before the Court on a joint motion of plaintiffs and defendant for final judgment pursuant to a stipulation signed on behalf of plaintiffs by Ernest L. Wilkinson, their attorney of record, and on behalf of defendant by A. Devitt Vanech, Assistant Attorney General, and Marvin J. .'Sonosky, attorney. A memorandum report has been filed by the commissioner to whom the case was referred, recommending entry of judgment based on the stipulation, and that the printing of the record be waived.
The petition was filed on November 22, 1941, pursuant to the Act of June 28, 1938 (52 Stat. 1209). On October 4, 1943, an interlocutory judgment was entered holding that plaintiffs were entitled to recover just compensation for all lands in Colorado north of and including township 35, north, held by the United States for disposal under Section 3 of the Act of June 15, 1880, at the time of approval of the Act of June 28, 1938, Chap. 776, 52 Stat. 1209, subject, however, to the deduction of offsets, if any, and reserving the determination of the amount of the recovery and the amount of such offsets, if any, for further proceedings, as provided by Buie 39 (a) of the Court of Claims.
By their stipulation the parties have agreed that:
(1) Judgment shall be entered for plaintiffs and against the defendant in the sum of $24,296,127.24, plus interest on $16,822,112.69 thereof at the rate of four percent (4%) per annum from July 10,1950, to the date of payment of the $24,296,127.24.
*435 (2) Judgment so entered shall be in full settlement and payment for the complete extinguishment of plaintiff’s right, title, interest, estate, claims and demands of whatsoever nature in and to the land and property in western Colorado ceded by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), which on June 28,1938, had not been disposed of by the United States. (Two schedules were attached to the stipulation containing legal descriptions of (a) 4,403,935.87 acres of surface and subsurface rights and (b) 787,056.86 acres of subsurface rights only, which “so far as the parties with diligence have been able to determine” represent all of the land undisposed of on June 28, 1938).
(3) Judgment so entered shall be after all allowable credits and offsets except 52 percent of the value, if any, of the subsurface of 427,015 acres of land added to the Uintah and Ouray Reservation by the Act of March 11, 1948 (62 Stat. 72), as to which defendant may claim in other suits 17 percent of such value as against the White River Band, and 35 percent as against the Uncompahgre Band, no reservation of claimed offsets being made against the Southern and Ute Mountain Ute Band. (Defendant reserves the right' to claim in other suits offsets against the Uintah Band of Ute Indians of 48 percent of the value of the surface and 48 percent of the subsurface value, if any, of the 427,015 acres of Utah land).
(4) Questions which plaintiffs may present respecting the division of the judgment among the plaintiff bands shall be reserved for future determination as the Court may direct without prejudice to defendant’s right to present any jurisdictional or other objection thereto.
Now, therefore, it is adjudged, this 13th day of July 1950, that the joint motion of the parties for final judgment, pursuant to their stipulation, be allowed; that final judgment, after all allowable credits and offsets except as provided in the stipulation and as summarized above, be entered for plaintiffs in the sum of $24,296,127.24, plus interest on $16,822,112.69 thereof at the rate of 4 percent per annum from July 10,1950, to date of payment of said $24,296,127.24; that such judgment be in full settlement and payment for the complete extinguishment of plaintiffs’ right, title, interest, estate, claims and demands, of whatsoever nature in and to the land and property in western Colorado ceded by plaintiffs to the defendant by the Act of June 15,1880, which, *436 on June 28, 1938, had not been disposed of by the United States; and that such judgment be full and final adjudication of all issues between plaintiffs and defendant in this case. It is so ordered.
It is further ordered that questions which plaintiffs may present respecting the division of the judgment among the plaintiff bands be reserved for future determination without prejudice to defendant’s right to present jurisdictional or other objections thereto; and that the printing of the record be dispensed with.
By the Court,
Marvin Jones, Chief Judge.
No. 46640
ORDER OF FINAL JUDGMENT
This case comes before the Court on a joint motion of plaintiffs and defendant for final judgment pursuant to a stipulation signed on behalf of plaintiffs by Ernest L. Wilkinson, their attorney of record, and on behalf of defendant by A. Devitt Yanech, Assistant Attorney General, and Marvin J. Sonosky, attorney. A memorandum report has been filed by the commissioner to whom the case was referred, recommending entry of judgment based on the stipulation, and that the printing of the record be waived.
The original petition in the above-entitled case was filed October 15, 1945, and the amended petition filed March 19, 1947, pursuant to the Act of June 28, 1938 (52 Stat. 1209), as amended by Acts of July 15, 1941 (55 Stat. 593), June 22, 1943 (57 Stat. 160), June 11, 1946 (c. 378, 60 Stat. 255), and Sections 1, 2, 11, and 25 of the Act of August 13, 1946 (c. 959, 60 Stat. 1049).
By their stipulation the parties have agreed as follows:
Subject to the approval of the Court, a judgment, after all allowable offsets, for $6,037,567.72 plus interest on $2,939,847.31 thereof at the rate of four percent (4%) per annum from July 10,1950, to the date of payment of said $6,037,567.72 shall be entered in this cause as full settlement and payment for the complete extinguish *437 ment of plaintiffs’ right, title, interest, estate, claims and demands of whatsoever nature in and to the land and property in western Colorado ceded by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), which (a) the United States sold for cash between July 1,1910, and June 28,1938, (b) disposed of as free homesteads from December 19, 1885, to June 28, 1938, and (c) set aside for public purposes during the period from June 30, 1910, to June 27, 1938. The plaintiffs concede that due and proper accounting has been made by the defendant to the plaintiffs for those lands sold for cash during the period from June 30, 1910, to June 28, 1938. There is filed herewith and made a part of this stipulation Schedule 1, which contains the legal descriptions of approximately 1,523,236.95 acres, of which 1,361,993.22 acres were disposed of by defendant as free homesteads and the remaining 161,243.73 acres of which were set aside by the defendant for public purposes. So far as the parties with diligence have been able to determine these descriptions represent all the land so disposed of and set aside. However, the judgment to be entered in this case is res judicata, not only as to the land described in Schedule 1, but, whether included therein or not, also as to any land formerly owned or claimed by the plaintiffs in western Colorado, ceded to defendant by the Act of June 15, 1880 (21 Stat. 199), and by the defendant during the aforesaid periods of time sold for cash, disposed of as free homesteads and set aside for publicpurposes. The United States shall not be allowed any offset or credit as against the White River, Un-compahgre and Southern and Ute Mountain Ute Bands of Indians, or any of them, in any other suit for the items for the fiscal years 1911-1938, inclusive (July 1, 1910-June 30,1938), listed in the report of the General Accounting Office certified June 7, 1950, and entitled “General Accounting Office Report Re: Petition of the Confederated Bands of Ute Indians, Court of Claims Nos. 46640, 47564, 47565, 47566, and 47567” filed as Schedule 1 to the stipulation filed this day in this Court in case No. 47566 between the parties hereto. The petition of plaintiffs herein shall be deemed amended to conform to this stipulation.
Questions which plaintiffs may present respecting the division of the judgment entered pursuant hereto, among the plaintiff bands, are reserved for future determination as the Court may direct without prejudice to the defendant’s right to present any jurisdictional or other objections thereto.
*438 Now, therefore, it is adjudged, this 13th day of July 1950, that the joint motion of the parties for final judgment, pursuant to their stipulation, be allowed; that final judgment, after all allowable offsets, be entered for plaintiffs in the sum of $6,037,567.72 plus interest on $2,939,847.31 thereof at the rate of 4 percent per annum from July 10, 1950, to the date of payment of said $6,037,567.72; that such judgment be in full settlement and payment for the complete extin-guishment of plaintiffs’ right, title, interest, estate, claims and demands, of whatsoever nature in and to the land and property in western Colorado ceded by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), which (a) the United States sold for cash between July 1, 1910, and June 28, 1938, (b) disposed of as free homesteads from December 19, 1885, to June 28, 1938, and (c) set aside for public purposes during the period from June 30,1910, to June 27,1938; and that such judgment be full and final adjudication of all issues between plaintiffs and defendant in the case. It is so ordered.
It is further ordered that questions which plaintiffs may present respecting the division of the judgment among the plaintiff bands be reserved for future determination without prejudice to defendant’s right to present jurisdictional or other objections thereto; and that the printing of the record be dispensed with.
By the Court,
Marvin Jones, Chief Judge.
No. 47564
ORDER OF FINAL JUDGMENT
This case comes before the Court on a joint motion of plaintiffs and defendant for final judgment pursuant to a stipulation signed on behalf of plaintiffs by Ernest L. Wilkinson, their attorney of record, and on behalf of defendant by A. Devitt Yanech, Assistant Attorney General, and Marvin J. Sonosky, attorney. A memorandum report has been filed by the commissioner to whom the case was referred, *439 recommending entry of judgment based on the stipulation, and that the printing of the record be waived.
The petition in the above-entitled case was filed December 30, 1946, pursuant to the Act of June 28, 1938 (52 Stat. 1209), as amended by Acts of July 15, 1941 (55 Stat. 593), June 22, 1943 (57 Stat. 160), June 11, 1946 (c. 378, 60 Stat. 255), and Sections 1, 2, 11, and 25 of the Act of August 13, 1946 (c. 959, 60 Stat. 1049).
By their stipulation the parties have agreed as follows:
Subject to the approval of the Court, a judgment, after all allowable credits and offsets, for $623,686.18 plus interest on $207,800 thereof at the rate of four percent (4) per annum from July 10, 1950, to the date of payment of said $623,686.18 shall be entered in this cause as full settlement and payment for the complete extin-guishment of plaintiffs’ right, title, interest, estate, claims and demands of whatsoever nature in and to some 64,560 acres of land conveyed by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), and withdrawn by defendant for naval oil reserves as described in the Executive Order of December 6, 1916, creating Naval Oil Reserve, Colorado No. 1, as diminished by Executive Order of June 12, 1919, and as enlarged by Executive Order of September 27, 1924. Copies of said Executive Orders are attached to plaintiffs’ petition in this cause and made a part hereof.
Questions which plaintiffs may present respecting the division of the judgment entered pursuant hereto, among the plaintiff bands, are reserved for future determination as the Court may direct without prejudice to defendant’s right to present other objections thereto.
Now, therefore, it is adjudged, this 13th day of July 1950, that the joint motion of the parties for final judgment, pursuant to their stipulation, be allowed; that final judgment, after all allowable credits and offsets, be entered for plaintiffs in the sum of $623,686.18, plus interest "on $207,800 thereof at the rate of 4 percent per annum from July 10, 1950, to the date of payment of said $623,686.18; that such judgment be in full settlement and payment for the’ complete extinguishment of plaintiffs’ right, title, interest, estate, claims and demands, of whatsoever nature in and to some 64,560 acres of land conveyed by plaintiffs to defendant by *440 the Act of June 15, 1880 (21 Stat. 199), and withdrawn by defendant for naval oil reserves as described in the Executive Order of December 6,1916, creating Naval Oil Reserve, Colorado No. 1, as diminished by Executive Order of June 12, 1919, and as enlarged by Executive Order of September 27, 1924, attached to plaintiffs’ petition in this cause; and that such judgment be full and final adjudication of all issues between plaintiffs and defendant in the case. It is so ordered.
It is further ordered that questions which plaintiffs may present respecting the division of the judgment among the plaintiff bands be reserved for future determination without prejudice to defendant’s right to present jurisdictional or other objections thereto; and that the printing of the record be dispensed with.
By the Court,
Marvin Jones, Chief Judge.
No. 47566
ORDER OF FIN AIi JUDGMENT
This case comes before the Court on a joint motion of plaintiffs and defendant for final judgment pursuant to a stipulation signed on behalf of plaintiffs by Ernest L. Wilkinson, their attorney of record, and on behalf of defendant by A. Devitt Yanech, Assistant Attorney General, and Marvin J. Sonosky, attorney. A memorandum report has been filed by the commissioner to whom the case was referred, recommending entry of judgment based on the stipulation, and that the printing of the record be waived.
The petition in the above-entitled case was filed December 30,1946, pursuant to the Act of June 28,1938 (52 Stat. 1209), as amended by Acts of July 15,1941 (55 Stat. 593), June 22, 1943 (57 Stat. 160), June 11, 1946 (c. 378, 60 Stat. 255), and Sections 1,2,11, and 25 of the Act of August 13,1946 (c. 959, 60 Stat. 1049).
By their stipulation the parties have agreed as follows:
Subject to the approval of the Court, a judgment, after all allowable credits and offsets, for $803,826.48 without interest prior to the date of payment thereof *441 shall be entered in this cause as full settlement and payment for the complete extinguishment of plaintiffs’ right, title, interest, estate, claims and demands of whatsoever nature in and to the 3,199,258 acres of land in western Colorado conveyed by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), and withdrawn by defendant for forest reserves as described by this Court in Finding VII in the cause entitled The Ute Indians v. United States, 45 C. Cls. 440, 450-452, being the same land for which a credit of $3,999,072.50 was allowed in favor of the plaintiffs in said cause. The United States shall not be allowed any offset or credit as against the White River, Uncompahgre and Southern and Ute Mountain Ute Bands of Indians, or any of them, in any other suit for the items for the fiscal years 1892-1910, inclusive (July 1, 1891-June 30, 1910), listed in the report of the General Accounting Office certified June 7, 1950, and entitled “General Accounting Office Report Re: Petitions of the Confederated Bands of Ute Indians, Court of Claims Nos. 46640, 47564, 47565, 47566, and 47567” filed as Schedule 1 herewith and made a part hereof.
Questions which plaintiffs may present respecting the division of the judgment entered pursuant hereto, among the plaintiff bands, are reserved for future determination as the Court may direct without prejudice to the defendant’s right to present any jurisdictional or other objections thereto.
Now, therefore, it is adjudged, this 13th day of July 1950, that the joint motion of the parties for final judgment, pursuant to their stipulation, be allowed; that final judgment, after all allowable credits and offsets, be entered for plaintiffs in the sum of $803,826.48 without interest prior to the date of payment thereof; that such judgment be in full settlement and payment for the complete extinguishment of plaintiffs’ right, title, interest, estate, claims and demands of whatsoever nature in and to the 3,199,258 acres of land in western Colorado conveyed by plaintiffs to defendant by the Act of June 15, 1880 (21 Stat. 199), and withdrawn by defendant for forest reserves as described by this Court in Finding VII in the cause entitled The Ute Indians v. United States, 45 C. Cls. 440, 450-452, being the same land for which a credit of $3,999,072.50 was allowed in favor of the plaintiffs in said cause; and that such judgment be full and final *442 adjudication of all issues between plaintiffs and defendant in the case. It is so ordered.
It is further ordered that questions which plaintiffs may present respecting the division of the judgment among the plaintiff bands be reserved for future determination without prejudice to defendant’s right to present jurisdictional or other objections thereto; and that the printing of the record be dispensed with.
By the Court,
Maevin Jones, Chief Judge.